**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.  13-24215-CIV-ALTONAGA**

**MARY KATHRYN BOLENDER**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Carnival Corporation's Motion for

Partial Judgment on the Pleadings ("Motion") [ECF No. 30], filed April 7, 2014.  The Court has

carefully considered the Motion, and for the reasons that follow, denies it.

Defendant moves pursuant to Federal Rule of Civil Procedure 12(c) for a judgment on the

pleadings on the basis "there are no material facts in dispute, and judgment may be rendered by

considering the substance of the pleadings and any judicially noticed facts."  (Mot. 2 (quoting

*Tassinari v. Key West Water Tours, L.S.*, 480 F. Supp. 2d 1318, 1320 (S.D. Fla. 2007))).

Defendant takes issue with the references in Plaintiff's Amended Complaint . . . [ECF No. 20] to

the ADA and its guidelines to support her single negligence count following a slip and fall

aboard a staircase on Defendant's cruiseship.  (*See generally* Mot.).  But rather than seek an

actual judgment on the negligence claim, Defendant seeks an order striking and/or dismissing the

Amended Complaint's paragraphs 9, 13, 14, 17, 19, 32, 35, 40(a), 40(c), 40(e) and 40(f).  (*See id.*

8).  Defendant argues the enumerated paragraphs improperly reference the ADA and other

guidelines regarding "accessible routes."  (*See id.*).

The arguments Defendant makes now are reminiscent of arguments it previously advanced in its Motion to Dismiss . . . [ECF No. 7], addressed to Plaintiff's initial Complaint. (*See* Mot. to Dismiss 6 ("The referenced standards do not create new duties for shipowners that do not already exist under the general maritime law of negligence.")).  While the Court can appreciate Defendant's tenacity, it disapproves of the latest procedural mechanism Defendant is using in an attempt to effectively obtain a "striking" of certain allegations of the Amended Complaint.

The Court aligns itself with those courts that have found judgment on the pleadings on something less than an entire cause of action to be inappropriate.  *See In re Amica, Inc.*, 130 B.R. 792, 796 (N.D. Ill. 1991) ("Partial judgment on the pleadings is not possible in federal pleading unless it disposes entirely of one or more counts of the complaint.") (citations omitted); *but see Holloway v. Best Buy Co., Inc.*, No. C 05-5056 PJH, 2009 WL 1533668, *4 (N.D. Cal. May 28, 2009) ("In light of the purpose of Rule 12(c) motions . . . and given that each cause of action in the [complaint] alleges what could be construed as several separate claims, the court finds no reason not to consider Best Buy's motion for judgment on the pleadings as to less than entire causes of action.") (alterations added).  What Defendant is asking the Court to do — that is, strike the enumerated paragraphs from the Amended Complaint — is no more a "judgment on the pleadings" than would be an order on a motion *in limine* limiting the use to which the referenced ADA guidelines may be put at trial.  Indeed, the Court finds it difficult to imagine how it would write a judgment in favor of Defendant on particular paragraphs of a complaint rather than any one discrete cause of action.

Accordingly, it is

CASE NO.  13-24215-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that Defendant's Motion for Partial Judgment on the Pleadings **[ECF No. 30]** is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 7th day of April, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record